*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re HAMMONDS, Minors.

UNPUBLISHED
April 27, 2023

No. 363095
Macomb Circuit Court
Family Division
LC Nos. 2021-000087-NA;
2021-000088-NA;
2021-000089-NA;
2021-000090-NA

Before: M. J. KELLY, P.J., and SWARTZLE and FEENEY, JJ.

PER CURIAM.

Petitioner removed respondent's four biological children from his care because it was alleged that respondent was using methamphetamine and had untreated mental-health issues. The trial court terminated respondent's parental rights to those four children. We affirm.

An undercover police officer visited respondent and bought methamphetamine from him on five separate occasions. During one visit to respondent's home, the police officer reported that he saw three of the children and they were not fully clothed, had dirty hair, and were covered in stains. Each child was determined to have special needs that required additional care, but the children's needs were neglected by respondent. While in respondent's care, the children did not regularly attend school, they were not caught up on their vaccinations, and their access to water was turned off. The children also had several cavities and one of the children had an untreated medical condition that caused consistent bruising.

For the approximately eight months that respondent was able to visit the children in this case, he only did so twice. Further, respondent did not attend parenting classes or the children's medical visits. Respondent was then incarcerated for the final months of this case, and he did not substantially comply with the parenting-treatment plan while he was incarcerated. He did not demonstrate that he had prepared employment or a suitable home for the children after his release from incarceration.

Two of the children were placed with one foster family, while the other two children were placed together with another foster family. The foster families attended to the needs of the

-1-

children, routinely taking them for medical and dental treatment to correct the underlying health problems that went untreated in respondent's care. During the case, the children became comfortable with their foster families and their bond to respondent weakened. One of the children expressed that they were afraid of respondent, and two other children stated that they did not want to be returned to respondent's care. Two of the children also stated that they were excited to drink water when they were with the foster family because they did not have access to water while under respondent's care, but instead had to resort to drinking sugary soda when they were thirsty.

The trial court found that adoption was in the best interests of the children, and it terminated respondent's parental rights. The biological mother's parental rights were also terminated during this case, and she expressed that adoption was in the best interests of the children.

Respondent now appeals, arguing that termination was not in the children's best interest.

This Court reviews for clear error the trial court's findings and ruling that termination is in the children's best interests. *In re Payne/Pumphrey/Fortson*, 311 Mich App 49, 63; 874 NW2d 205 (2015). "A finding is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re Moss*, 301 Mich App 76, 80; 836 NW2d 182 (2013) (cleaned up).

"The trial court should weigh all the evidence available to determine the children's best interests." *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014) (cleaned up). To determine whether termination of parental rights is in a child's best interests, the court should consider factors including "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *Id*. (cleaned up). The trial court may also consider the child's well-being while in care and the possibility of adoption. *Id*. at 714 (cleaned up).

In this case, respondent only attended two of the parenting time visits he was offered, did not attend any of the parenting classes to which he was referred, and did not attend any of the children's medical appointments before he was incarcerated. After becoming incarcerated, respondent did not make any progress on his parenting treatment plan, and he did not demonstrate that he was planning to care for the children upon his release.

Three of the children expressed that they did not want to return to respondent's care, and two of them expressed that they were excited to drink as much water as they wanted. Further, the children's foster families were routinely attending to their medical needs that had gone untreated while the children were in respondent's care. The quality of the children's lives improved while in the care of their foster families, and the children's biological mother supported the children's adoption. Thus, based on our review of the record, the trial court did not err when it found that adoption was in the best interests of the children.

Affirmed.

/s/ Michael J. Kelly
/s/ Brock A. Swartzle
/s/ Kathleen A. Feeney

-2-